IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LENZO GROOMS, JR.,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　Plaintiff,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　CASE NO. 3:13-cv-00255
vs.　　　　　　　　　　　　　　　　　）　JUDGE CAMPBELL/KNOWLES
　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
SHERIFF JOHN FOUSON and　　　　　　）
TINA SLAVEN　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　Defendants.　　　　　　　　　）

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before the Court is a Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(5), for insufficient service of process, by Defendant Tina Slaven, in her individual capacity. Docket No. 15. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 16.

Plaintiff has not filed a Response.

Plaintiff filed this *pro se*, in forma pauperis action, pursuant to 42. U.S.C. § 1983, alleging various violations of his civil rights related to his arrest of February 8, 2013. Docket No. 1. Plaintiff sues Defendant Tina Slaven in her individual capacity.[1] *Id.* Plaintiff seeks

---

[1] Plaintiff originally sued Sheriff John Fouson in his official capacity and Tina Slaven in her official and individual capacities. *See* Docket No. 1. Judge Campbell dismissed Plaintiff's claims against Sheriff Fouson and Ms. Slaven in their official capacities in an Order entered April 18, 2013. *See* Docket Nos. 8, 9. Accordingly, the only remaining claim is against Ms. Slaven in her individual capacity.

1

$100,000.00 in compensatory and punitive damages. Docket No. 1, p. 5.

Defendant filed the instant Motion and accompanying Memorandum on May 9, 2013. Docket Nos. 15-16. Defendant argues that Plaintiff has failed to serve her personally, or by any other means acceptable under the Rules as they relate to individual defendants. Docket No. 16. Specifically, Defendant maintains that the service package was sent by certified mail, return receipt requested, to 106 Public Square, Clarksville, Tennessee 37040, an address relating to the Clarksville Police Department. *Id.* Defendant contends that the service package was signed for and received by "Keriann Delle," and that Ms. Delle is not an agent authorized by appointment or by law to receive service of process on behalf of Defendant in her individual capacity. *Id.*

## II. Facts

Plaintiff filed his Complaint in this action on March 20, 2013. Docket No. 1. Plaintiff's Complaint was subject to initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Docket No. 8. After reviewing Plaintiff's Complaint, Judge Campbell entered an Order dismissing the official capacity claims against both Defendant Slaven and Defendant Fouson for failure to state a claim upon which relief could be granted. Docket No. 9. Judge Campbell's Order, however, determined that Plaintiff's Complaint did state a potentially colorable claim against Defendant Slaven in her individual capacity. Therefore, the Order instructed the Clerk to send Plaintiff a service packet for Defendant Slaven and instructed Plaintiff to return the packet to the Clerk's Office. Docket No. 9, p. 2.

The record reflects that the completed service packet was received in the Clerk's Office on April 25, 2013. Unnumbered Docket Entry dated 4/25/2013. That same day, a summons was

issued for Defendant and was forwarded to the U. S. Marshal Service for service of process. (Because this is an in forma pauperis case, the U. S. Marshal Service has the duty to serve "all process." 28 U.S.C. § 1915(d)).

The Marshal Service attempted service by certified mail, return receipt requested, at 106 Public Square, Clarksville, Tennessee 37040, an address allegedly relating to the Clarksville Police Department. Docket Nos. 13, 16. It is undisputed that the service package was received at this address and that the Domestic Return Receipt indicates that it was signed for and received by "Keriann Delle." Docket No. 13. It is also undisputed that Ms. Delle is not an agent authorized by appointment or by law to receive service of process on behalf of Defendant in her individual capacity. *Id.*

For the reasons to be discussed below, the undersigned recommends that Defendant's Motion to Dismiss be DENIED.

### III.  Analysis

Defendant filed the instant Motion pursuant to Fed. R. Civ. P. 12(b)(5). The rules governing the proper service of process in federal courts can be quite complex. One principle, however, is clear. In cases filed in forma pauperis, the responsibility for serving summonses rests upon the United States Marshal. Title 28, Section 1915(d) states in part, "The officers of the court shall issue and serve all process, and perform all duties in such [in forma pauperis] cases." Additionally, Fed. R. Civ. P. 4(c(3) provides:

> At the plaintiff's request, the court may order that service be made
> by a United States marshal or deputy marshal or by a person
> specially appointed by the court. The court must so order if the
> plaintiff is authorized to proceed in forma pauperis under 28
> U.S.C. § 1915 . . . .

3

As the Sixth Circuit has stated:

> Together, Rule 4(c)[(3)] and 28 U.S.C. § 1915[(d)] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, *thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.*

*Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) (emphasis added, citation omitted).

As noted above, the record reflects that a summons was issued to Detective Tina Slaven at 106 Public Square, Clarksville, Tennessee 37040. Docket No. 13. The U.S. Marshal Service served the summons to that address via certified mail, return receipt requested, and later filed a return showing that the summons had been served. *Id.* The summons was signed for by "Keriann Delle." *Id.*

Interestingly, in the case at bar, Plaintiff's official capacity claim against Defendant was dismissed *before* Plaintiff was sent a service packet and *before* Defendant was notified or appeared in any manner. Docket No. 9. Accordingly, the issue before this Court is whether the Marshals' service by certified mail to Defendant's workplace constitutes sufficient service of process when Defendant is sued solely in her individual capacity. Rule 4(e) of the Federal Rules of Civil Procedure permits service to be made by leaving copies of the process at a defendant's dwelling, but it does not permit service to be made by mailing copies to a defendant's place of employment. *See Whisman v. Robbins*, 712 F. Supp. 632, 637 (S.D. Ohio 1988).

In the instant action, it is undisputed that the Marshals did not leave a copy of the summons and complaint at Defendant's dwelling, and that Defendant was not served personally. Docket No. 16. It is also undisputed that "Keriann Delle" is not an agent authorized by

4

appointment or by law to receive service on Defendant's behalf. *Id.* Neither the federal nor the state requirements for service permit service by certified mail to an individual defendant's place of employment.

If the Marshals did not properly serve Defendant in this action, Plaintiff is not responsible for that circumstance. Thus, the instant Motion to Dismiss (Docket No. 15) should be DENIED.

It is clear that Defendant is aware of the instant lawsuit, but Defendant does have the right to demand proper service or to waive the defense of insufficiency of service of process. Fed. R. Civ. P. 12(b)(5), 12(h). Therefore, withing twenty (20) days of the entry of this Order, Defendant shall advise the Court in a filing whether she will waive service of process. If Defendant chooses not to waive service, she shall advise the Court in a filing how she wishes to properly be served, and the Court will direct the Marshal to serve Defendant in that manner.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge